**Note changes made by the Court.**

1
2
3
4

Lauren E. Padama (State Bar No. 329017)
lpadama@jonesday.com
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA 92612
Telephone: (949) 851-3939
Facsimile: (949) 553-7539

5
6
7

Attorneys for Defendant
EXPERIAN INFORMATION SOLUTIONS,
 INC.

8

UNITED STATES DISTRICT COURT

9

CENTRAL DISTRICT OF CALIFORNIA

10

11

DANIEL GENGLER,

Case No. 8:20-cv-01664-JLS-KES

12

Plaintiff,

**ORDER RE STIPULATED
PROTECTIVE ORDER**

13

v.

14
15

EXPERIAN INFORMATION
SOLUTIONS, INC.,

Complaint filed: September 1, 2020

16

Defendant.

17
18
19
20
21
22
23
24
25
26
27
28

1    IT IS HEREBY STIPULATED by and between Plaintiff Daniel Gengler
2    ("Plaintiff") and Defendant Experian Information Solutions, Inc. ("Defendant")
3    through their respective attorneys of record, as follows:

4    WHEREAS, documents and information have been and may be sought,
5    produced or exhibited by and among the parties to this action relating to trade secrets,
6    confidential research, development, technology or other proprietary information
7    belonging to the defendants, and/or personal income, credit and other confidential
8    information of Plaintiff.

9    THEREFORE, an Order of this Court protecting such confidential information
10   shall be and hereby is made by this Court on the following terms:

11   1.    This Order shall govern the use, handling and disclosure of all
12   documents, testimony or information produced or given in this action which are
13   designated to be subject to this Order in accordance with the terms hereof.

14   2.    Any party or non-party producing or filing documents or other materials
15   in this action (the "Producing Party") may designate such materials and the
16   information contained therein subject to this Order by typing or stamping on the front
17   of the document, or on the portion(s) of the document for which confidential
18   treatment is designated, "Confidential."

19   3.    If a Producing Party believes in good faith that, despite the provisions
20   of this Protective Order, there is a substantial risk of identifiable harm to the
21   Producing Party if particular documents it designates as "Confidential" are disclosed
22   to all other parties or non-parties to this action, the Producing Party may designate
23   those particular documents as "Confidential—Attorneys' Eyes Only."

24   4.    To the extent any motions, briefs, pleadings, deposition transcripts, or
25   other papers to be filed with the Court incorporate documents or information subject
26   to this Order, the party filing such papers shall designate such materials, or portions
27   thereof, as "Confidential," or "Confidential—Attorneys' Eyes Only" and shall **apply**
28   **to** file them with the clerk under seal; provided, however, that a copy of such filing

having the confidential information deleted therefrom may be made part of the public record.  Any party **applying to file** any document under seal must comply with the requirements of Civil Local Rule 79-5.

5.      All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony given in a deposition, declaration or otherwise, that refers, reflects or otherwise discusses any information designated "Confidential" or "Confidential—Attorneys' Eyes Only" hereunder), shall not be used, directly or indirectly, by any person, including the other Defendants, for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation for and trial of this action in accordance with the provisions of this Order.

6.      Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential," or pursuant to prior Order after notice, any document, transcript or pleading given "Confidential" treatment under this Order, and any information contained in or derived from any such materials (including but not limited to, all deposition testimony that refers to, reflects or otherwise discusses any information designated "Confidential" hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) the Court and its **personnel**; (b) parties to this litigation; (c) counsel for the parties, whether retained outside counsel or in-house counsel and employees of counsel assigned to assist such counsel in the preparation of this litigation; (d) fact witnesses subject to a proffer to the Court or a stipulation of the parties that such witnesses need to know such information; (e) present or former employees of the Producing Party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure) and (f) experts specifically retained as consultants or expert witnesses in connection with this litigation.

7.      Except with the prior written consent of the individual or entity

designating a document or portions of a document as "Confidential—Attorneys' Eyes Only," or pursuant to prior Order after notice, any document, transcript or pleading given "Confidential—Attorneys' Eyes Only" treatment under this Order, and any information contained in or derived from any such materials (including but not limited to, all deposition testimony that refers to, reflects or otherwise discusses any information designated "Confidential—Attorneys' Eyes Only" hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) a party's retained outside counsel in this action, as well as employees of said outside counsel to whom it is reasonably necessary to disclose the information for this litigation; (b) experts specifically retained as consultants or expert witnesses in connection with this litigation who have signed the "Declaration of Compliance" (Exhibit A); (c) the Court and its personnel; (d) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Declaration of Compliance" (Exhibit A); (e) the author of the document or the original source of the information; and (f) the parties to the lawsuit.

8.     Documents produced pursuant to this Order shall not be made available to any person designated in Subparagraph 6(f) or 7(b) unless he or she shall have first read this Order, agreed to be bound by its terms, and signed the attached "Declaration of Compliance" (Exhibit A).

9.     All persons receiving any or all documents produced pursuant to this Order shall be advised of their confidential nature.  All persons to whom confidential information and/or documents are disclosed are hereby enjoined from disclosing same to any person except as provided herein, and are further enjoined from using same except in the preparation for and trial of the above-captioned action between the named parties thereto.  No person receiving or reviewing such confidential documents, information or transcript shall disseminate or disclose them to any person other than those described above in Paragraph 6 and Paragraph 7 and for the purposes

specified, and in no event shall such person make any other use of such document or transcript. **This paragraph does not apply to the Court and its personnel whose obligations are set by the Local Rules.**

10. Nothing in this Order shall prevent a party from using at trial any information or materials designated "Confidential" or "Confidential—Attorneys' Eyes Only."

11. This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order, nor the designation of any information, document, or the like as "Confidential," or "Confidential—Attorneys' Eyes Only," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

12. Within sixty (60) days after the final termination of this litigation, all documents, transcripts, or other materials afforded confidential treatment pursuant to this Order, including any extracts, summaries or compilations taken therefrom, but excluding any materials which in the good faith judgment of counsel are work product materials, shall be returned to the Producing Party or destroyed. Counsel agrees to certify in writing that counsel destroyed all confidential material. **This paragraph does not apply to the Court.**

13. In the event that any party to this litigation disagrees at any point in these proceedings with any designation made under this Protective Order, the parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party objecting to the designation may seek appropriate relief from this Court. During the pendency of any challenge to the designation of a document or information, the designated document or information shall continue to be treated as "Confidential" or "Confidential—Attorneys' Eyes Only" subject to the provisions of this Protective Order.

14. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of

STIPULATED PROTECTIVE ORDER
Case No. 8:20-cv-01664-JLS-KES

documents, transcripts and materials afforded confidential treatment pursuant to this Order.

15. The Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

Dated: February 22, 2021                    Respectfully submitted,

                                            /s/ *Lauren E. Padama*
                                            Lauren E. Padama
                                            JONES DAY
                                            3161 Michelson Drive, Suite 800
                                            Irvine CA 92612
                                            Telephone: (949) 851-3939
                                            Facsimile: (949) 553-7539
                                            Email: lpadama@jonesday.com

                                            *Attorneys for Defendant*
                                            *Experian Information Solutions, Inc.*

Dated: February 22, 2021                    Respectfully submitted,

                                            /s/ *Pamela E. Prescott*
                                            Abbas Kazerounian, Esq.
                                            ak@kazlg.com
                                            Pamela Prescott, Esq.
                                            pamela@kazlg.com
                                            245 Fischer Ave., Suite D1
                                            Costa Mesa, California 92626
                                            Telephone: (800) 400-6808
                                            Facsimile: (800) 520-5523

                                            *Attorneys for Plaintiff*

IT IS SO ORDERED.

Dated: <u>February 23, 2021</u>          _____
                                            KAREN E. SCOTT
                                            UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## DECLARATION OF COMPLIANCE

I, _____, declare as follows:

1.      My address is _____.

2.      My present employer is _____.

3.      My present occupation or job description is _____.

4.      I have received a copy of the Stipulated Protective Order entered in this action on _____, 20___.

5.      I have carefully read and understand the provisions of this Stipulated Protective Order.

6.      I will comply with all provisions of this Stipulated Protective Order.

7.      I will hold in confidence, and will not disclose to anyone not qualified under the Stipulated Protective Order, any information, documents or other materials produced subject to this Stipulated Protective Order.

8.      I will use such information, documents or other materials produced subject to this Stipulated Protective Order only for purposes of this present action.

9.      Upon termination of this action, or upon request, I will return and deliver all information, documents or other materials produced subject to this Stipulated Protective Order, and all documents or things which I have prepared relating to the information, documents or other materials that are subject to the Stipulated Protective Order, to my counsel in this action, or to counsel for the party by whom I am employed or retained or from whom I received the documents.

10.     I hereby submit to the jurisdiction of this Court for the purposes of enforcing the Stipulated Protective Order in this action.

STIPULATED PROTECTIVE ORDER
Case No. 8:20-cv-01664-JLS-KES

1    I declare under penalty of perjury under the laws of the United States that the

2  foregoing is true and correct.

3    Executed this _____ day of _____, 20__, at _____.

4

5

6

7    _____
     QUALIFIED PERSON

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER
Case No. 8:20-cv-01664-JLS-KES

# ECF SIGNATURE CERTIFICATION

Pursuant to Local Rule 5-4.3.4(a)(2), the filer, Lauren E. Padama, attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: February 22, 2021     By: */s/ Lauren E. Padama*
                                         Lauren E. Padama

                                         Attorneys for Defendant
                                         EXPERIAN INFORMATION
                                         SOLUTIONS, INC.